No. 33,151

D. E. KERN, *Plaintiff*, v. THE CITY COMMISSIONERS OF THE CITY OF NEWTON (McCulley Ashlock, Mayor; Clay Hayman, L. J. Nelson, and Knowland K. Brode, City Manager) and HAROLD HUNT, *Defendants*.

(122 P. 2d 728)

Opinion filed March 7, 1942.

*Elisha Scott,* of Topeka, argued the cause for the plaintiff.

*J. Rodney Stone,* city attorney, argued the cause, and *Ezra Branine, Alden E. Branine, Fred C. Ice, Bernard Peterson, Vernon Stroberg* and *Max Regier,* all of Newton, were on the briefs for the defendants.

The opinion of the court was delivered by

SMITH, J.: This is an original proceeding in mandamus wherein the plaintiff, a citizen of African descent, seeks to compel the governing officials of the city of Newton, and one Harold Hunt, to admit him to the privileges of a swimming pool constructed with funds procured by a sale of municipal bonds voted by the electors of Newton in 1934.

The action has received the attention of this court twice before. The first time it was here is reported in *Kern v. Newton City Commissioners,* 147 Kan. 471, 77 P. 2d 954. At that time an alternative writ had been granted. Counsel for the defendants moved to quash this alternative writ on two grounds—that plaintiff had no legal capacity to maintain the action and that the application did not state sufficient facts to constitute a cause of action.

On the question of the capacity of the plaintiff to maintain the action, the defendants argued that this was the sort of action that could only be maintained by a public official charged with the duty of maintaining such actions.

On that question this court said:

"In view of all these precedents from our own reports, what is the correct answer to defendants' contention that plaintiff has no right to invoke mandamus to redress his alleged grievance in being deprived of the privileges of the municipal swimming pool of the city of Newton? Has he stated any grievance redressable by mandamus which is peculiar to himself and not suffered by the public in general? The answer is not easy. The public in general is not deprived of the privileges of the swimming pool. According to the petition, however, it is alleged that all colored citizens of Newton are similarly deprived of the privileges of the swimming pool. Whether their number be many or few the pleadings do not show. However, the situation stated in the application for the writ would undoubtedly warrant the institution of some sort of action, mandamus, quo warranto, or injunction, by the public prosecutor; and we are not prepared to say that plaintiff can maintain this action on behalf of the group for which he pleads. But we think it clear that in the interests of justice and equity plaintiff is entitled to maintain the action in his own behalf." (p. 480.)

Following that holding, this court overruled defendants' motion to quash and gave the defendants thirty days in which to plead.

It will be seen that this holding was based on the proposition that the action was to be carried on in the interest of plaintiff solely as an individual and not as the representative of any class, group or race.

The defendants filed an answer in which they set out various defenses, among them being a general denial on the part of Hunt, and a general and specific denial on the part of the city. After the issues were made up the plaintiff filed a motion for judgment notwithstanding the answers. This motion was presented in *Kern v. Newton City Commissioners*, 151 Kan. 565, 100 P. 2d 709. Several defenses raised by the answer were disposed of favorably to the contention of the plaintiff. It appeared, however, that the plaintiff had alleged in his petition that he had presented himself and demanded to be admitted to the pool. The city specifically and Hunt by his general denial had denied this. This court pointed out that the only question to be litigated was the question of the right of plaintiff to be admitted to the pool. Rights of the colored race in general can only be litigated in an action brought by the attorney general of the state or the county attorney of the proper county.

This court held that before a writ of mandamus could issue all the conditions precedent to the issuance of the writ must have been complied with, and since there was a denial that the plaintiff had presented himself and demanded that he be admitted to the pool

this court would not issue a peremptory writ directing that he be admitted. Accordingly a commissioner was appointed to hear evidence and make findings of fact and conclusions of law on the issues involved. The commissioner heard the evidence and filed a report wherein he has concluded that no cause of action was established against the defendants and that the peremptory writ should be denied. The plaintiff has filed a motion for judgment in his favor notwithstanding the report of the commissioner. The action was finally submitted on that motion.

Prior to the taking of testimony before the commissioner, the defendants filed a supplemental answer wherein they alleged that the plaintiff at the times he presented himself for admission to the swimming pool was a person of ill repute and did not bear a good moral reputation and therefore was not entitled to the privileges of the municipal swimming pool.

The commissioner made various findings of fact, with which we are not concerned here, since they are not disputed. Finding of fact No. 4, however, was as follows:

"That at all times complained of herein, plaintiff was and, by his own deliberate acts, has proven himself to be a man of immoral character; that he had theretofore been guilty of a crime involving morals and moral turpitude and that such facts were of general knowledge to the inhabitants of the city of Newton, Kan., and were known by the defendants herein; and that the municipal swimming pool so conducted by the defendant, Harold S. Hunt, was a public place; and that no question of racial discretion is here involved."

The commissioner made the following conclusions of law:

"1. That the city of Newton, Kan., or any lessee or agent thereof, in the management and operation of its municipal swimming pool has a right and the duty to bar therefrom any and all persons whose known character or reputation for morality is bad.

"2. That the defendant, Harold S. Hunt, has the legal right to deny plaintiff the right to swim in the Newton municipal swimming pool in the protection of the morals of the inhabitants of that city.

"3. That no cause of action having been established against the defendant, Harold S. Hunt, no cause is established against the defendants, the city commissioners of the city of Newton, Kan."

The plaintiff asks that judgment be given him and a peremptory writ issued notwithstanding this report because the findings are not sustained by the evidence. The record discloses that the plaintiff had been charged by a young colored girl with being the father of her unborn child and that he had compromised this charge by a payment of money to the girl for support of the child. It also dis-

closed that plaintiff, a married man, had at different times entertained unmarried colored girls in his home and given them whisky.

Hunt, who was in charge of the pool, testified that in 1935 when plaintiff presented himself at the pool and demanded admittance it was after the pool had ceased operations for the day. Clearly there is a wide discretion vested in those operating pools of this kind when they shall be open to the public. Hunt also testified that in the early part of the summer of 1936 plaintiff appeared at the pool and applied for admission. Hunt testified that he refused to admit him at that time because he was known by him by general reputation as being a man of immoral character.

When this action was here the last time (See *Kern v. Newton City Commissioners,* 151 Kan. 565, 100 P. 2d 709, this court said:

"The city officials and Hunt are charged with the duty of maintaining order in this pool. It is a peculiar situation, since·more or less informality is the rule at such places. Mothers come there with small children and use the place as a playground. On this account there is a wide discretion vested in those in charge of such pools as to whether persons of a quarrelsome disposition or big boys known to be bullies or men or women known to be of immoral character generally should be admitted. This is true regardless of the color or race of the person excluded." (p. 573.)

Under all the circumstances we have concluded that a peremptory writ should not issue directing the defendants to admit this plaintiff to the pool.

Judgment will be for the defendants. It is so ordered.

HOCH, J., not participating.